C. Daniel Herrin
State Bar No. 24065409
HERRIN LAW, PLLC
4925 Greenville Ave, Ste. 455
Dallas, TX 75206
469.607.8551 Phone
214.722.0271 Fax
ATTORNEY FOR DEFENDANT

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **CINNAMON EPLEY** | § | **CASE NO. 21-31797-MVL-7** |
| | § | |
| **Debtor** | § | **CHAPTER 7** |
| | § | |
| **NATIONWIDE JUDGEMENT RECOVER INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| vs. | § | **ADV. NO.  22-03048-ML** |
| | § | |
| **CINNAMON EPLEY,** | § | |
| | § | |
| | § | |
| **Defendant** | § | |

### DEFENDANT CINNAMON EPLEY ANSWER TO PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(19) and 523(a)(2)(A) and AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW **CINNAMON EPLEY,** (hereinafter, "Defendant"), Debtor and Defendant in the above-styled and number cause, and files this her Answer to **NATIONWIDE JUDGEMENT RECOVERY, INC.** (hereinafter, "Plaintiff"), Complaint Objecting to Discharge Under 11 U.S.C. § 523(a)(19) and (a)(2)(A), (hereinafter, "Complaint"), and in support thereof

*Defendant's Answer to Complaint*

would respectfully show the following:

## JURSDICTION

1.  Defendant admits the allegations in Paragraph 1 of the Complaint.

2.  In response to paragraph 2 of the Complaint, Defendant also consents to the entry of a final judgement in this matter by the Bankruptcy Court.

3.  Defendant admits the allegations in Paragraph 3 of the Complaint.

4.  Defendant admits the allegations in Paragraph 4 of the Complaint.

## OVERVIEW

5.  Defendant denies the allegations in Paragraph 5 of the Complaint.

6.  Defendant denies the allegations in Paragraph 6 of the Complaint.

## PROCEDURAL BACKGROUND OF FINAL JUDGEMENT

7.  Defendant denies the allegations in Paragraph 7 of the Complaint.

8.  Defendant denies the allegations in Paragraph 8 of the Complaint.

9.  Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. In response to paragraph 14 of the Complaint, Defendant states that the paragraph 14 of the Complaint does not contain an allegation of fact. To the extend that the paragraph 14 of the Complaint requires a response, Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

*Defendant's Answer to Complaint*

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the characterization of paragraph 17 of the Complaint. There was no SEC action against the Defendant.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant is without sufficient information at this time to form an opinion about the truth or falsity or veracity of the allegations contained within Paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. In response to paragraph 25 of the Complaint, Defendant states that the paragraph 25 of the Complaint does not contain an allegation of fact. To the extend that the paragraph 25 of the Complaint requires a response, Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Paragraph 26 of the allegations contain recitations of statutes, documents, or references to other cases. The Defendant responds to these allegations by asserting that these statutes, documents, or references to other cases speak for themselves.

27. Paragraph 27 of the allegations contain recitations of statutes, documents, or references to other cases. The Defendant responds to these allegations by asserting that these statutes, documents, or references to other cases speak for themselves.

28. Defendant is without sufficient information at this time to form an opinion about the truth or falsity or veracity of the allegations contained within Paragraph 28 of the Complaint.

*Defendant's Answer to Complaint*

29. In response to paragraph 29 of the Complaint, Defendant states that the paragraph 29 of the Complaint does not contain an allegation of fact. To the extend that the paragraph 29 of the Complaint requires a response, Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant is without sufficient information at this time to form an opinion about the truth or falsity or veracity of the allegations contained within Paragraph 30 of the Complaint.

31. Defendant is without sufficient information at this time to form an opinion about the truth or falsity or veracity of the allegations contained within Paragraph 31 of the Complaint.

32. Defendant is without sufficient information at this time to form an opinion about the truth or falsity or veracity of the allegations contained within Paragraph 32 of the Complaint.

33. Defendant is without sufficient information at this time to form an opinion about the truth or falsity or veracity of the allegations contained within Paragraph 33 of the Complaint.

34. Defendant admits the allegations in Paragraph 34 of the Complaint.

35. Defendant admits the allegations in Paragraph 35 of the Complaint.

36. Defendant admits the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the characterization in paragraph 37. Defendant testified that she was not able to produce the documents requested by the 2004 Order. The documents requested are from January 2011 to January 2014 and she did not have any records related to that timeframe.

38. Defendant denies the characterization in paragraph 38. Defendant testified that she did not look for any of the documents because she was sure of not having any. The documents requested are from January 2011 to January 2014 and she did not have any records related to that timeframe.

## **THE ZEEKREWARDS' SCHEME**

*Defendant's Answer to Complaint*

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

**DEFENDANT'S PARTICIPATION IN THE ZEEKREWARDS' SCHEME**

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

**COUNT I: RELIEF UNDER 11 U.S.C. § 523(a)(19)**

58. Defendant incorporates Paragraphs 1 through 57 above.

59. In response to paragraph 59 of the Complaint, Defendant states that the paragraph 59

*Defendant's Answer to Complaint*

of the Complaint does not contain an allegation of fact. To the extend that the paragraph 59 of the Complaint requires a response, Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. In response to paragraph 60 of the Complaint, Defendant states that the paragraph 60 of the Complaint does not contain an allegation of fact. To the extend that the paragraph 60 of the Complaint requires a response, Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the characterization in the first sentence of paragraph 61 of the Complaint. There was no SEC action against the Defendant. With regard to the second sentence of this paragraph, the Defendant asserts that the Complaint referenced speaks for itself.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

## COUNT II: RELIEF UNDER 11 U.S.C. § 523(a)(2)(A)

68. Defendant incorporates Paragraphs 1 through 67 above.

69. In response to paragraph 69 of the Complaint, Defendant states that the paragraph 69 of the Complaint does not contain an allegation of fact. To the extend that the paragraph 69 of the Complaint requires a response, Defendant denies the allegations contained in paragraph 69 of the Complaint.

70. In response to paragraph 70 of the Complaint, Defendant states that the paragraph 70

of the Complaint does not contain an allegation of fact. To the extend that the paragraph 70 of the Complaint requires a response, Defendant denies the allegations contained in paragraph 70 of the Complaint.

71. In response to paragraph 71 of the Complaint, Defendant states that the paragraph 71 of the Complaint does not contain an allegation of fact. To the extend that the paragraph 71 of the Complaint requires a response, Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Denial of Conditions Precedent)

78. Plaintiff has failed to state a claim upon which relief can be granted. Specifically, the Plaintiff has not pled a valid claim under 11 U.S.C. 523 (a) (19) in that the judgment that was entered against the Defendant in the U.S. District Court in the Western District of North Carolina was for claims of Fraudulent Transfers and Constructive Trust. The Defendant has never been a party to any state or federal securities action. Therefore, the Plaintiff has no claim under 11 U.S.C. 523 (a) (19). Moreover, with regard to the Plaintiff's claim under 11 U.S.C. 523 (a) (2) (A). the Plaintiff has failed, among other things, plead actual fraud by the Defendant. Thus, the

*Defendant's Answer to Complaint*

Plaintiff has no claim under 11 U.S.C. 523 (a)(2)(A).

## SECOND AFFIRMATIVE DEFENSE

79. The Plaintiff's alleged claim is dischargeable in bankruptcy.

## THIRD AFFIRMATIVE DEFENSE

80. In alleging fraud, the Plaintiff has failed to state the particularity the circumstances constituting fraud.

## FOURTH AFFIRMATIVE DEFENSE

81. The action is barred by the equitable doctrine of latches.

## FIFTH AFFIRMATIVE DEFENSE

82. The doctrine of res judicata and/or collateral estoppel are applicable in the instant matter.

## SIXTH AFFIRMATIVE DEFENSE

83. Defendant denies each and every allegation of the Complaint not admitted or otherwise controverted or qualified and further denies that the Plaintiff is entitled to any relief whatsoever for Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

84. Defendant reserves the right to assert any affirmative defense available under the Bankruptcy Code 11 U.S.C. 101, *et seq.,* or applicable law, as may be discovered during the course of additional discovery and investigation.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that this Court deny the relief sought by Plaintiffs, find that the debts alleged by Plaintiffs are dischargeable in this bankruptcy proceeding, find the Debtor is entitled to a discharge under Chapter 7 Title 11 of the United State Bankruptcy Code and for such further relief as to which Defendant may be entitled.

Dated: June 16, 2022

Respectfully Submitted,

/s/ C. Daniel Herrin
C. Daniel Herrin
State Bar No. 24065409
HERRIN LAW, PLLC
4925 Greenville, Suite 455
Dallas, TX 75206
Tel. (469) 607-8551
Fax (214) 722-0271

ATTORNEYS FOR THE DEFENDANT

*Defendant's Answer to Complaint*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing instrument has been served via electronic notice and/or regular first-class mail on the parties listed below as of June 16, 2022.

<u>Plaintiff</u>

**Kay S. Kress**
Troutman Pepper Hamilton Sanders LLP
4000 Town Center, Suite 1800
Southfield, MI 48075-1505
248-359-7365
Email: kay.kress@troutman.com
*LEAD ATTORNEY*

**William Keith Wier**
Maurice Wutscher
5851 Legacy Circle
Suite 600
Plano, TX 75024
469-375-6792
Email: kwier@mauricewutscher.com
*LEAD ATTORNEY*

By: /s/ *C. Daniel Herrin*
C. Daniel Herrin

*Defendant's Answer to Complaint*